United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20315
Summary Calendar

SAM EDMONSOND,

Plaintiff-Appellant,

versus

THE BROOKWOOD COMMUNITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-486
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sam Edmonsond has appealed the district court's order and
judgment granting the motion for summary judgment of The
Brookwood Community ("Brookwood") and dismissing his action under
the Family and Medical Leave Act ("FMLA") complaining that he had
been discharged wrongfully in retaliation for taking temporary
leave for medical reasons. "The FMLA requires a covered employer
to allow an eligible employee up to twelve weeks of unpaid leave
if the employee suffers from 'a serious health condition that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

makes the employee unable to perform the functions of the position of such employee.'" Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 763 (5th Cir. 2001) (quoting 29 U.S.C. § 2612(a)(1)(D)). Under the FMLA, an employer may not penalize an employee for exercise of FMLA rights. Id. (citing 29 U.S.C. § 2615(a)(1)-(2)).

The district court's conclusions that Edmonsond had established a prima facie case for retaliation under the FMLA and that Brookwood has articulated legitimate nonretaliatory reasons for its adverse employment decision are not at issue. See Chaffin v. John H. Carter Co., Inc., 179 F.3d 316, 319-20 (5th Cir. 1999). Because Brookwood has rebutted Edmonsond's prima facie case, to avoid summary judgment, Edmonsond "must produce substantial probative evidence that the proffered reason was not the true reason for the employment decision and that the real reason was the plaintiff's participation in the protected activity." Id. at 320. Edmonsond's excessive absenteeism and poor job performance provided legitimate reasons for his discharge. See Hypes ex rel. Hypes v. First Commerce Corp., 134 F.3d 721, 726-27 (5th Cir. 1998). Edmonsond has not presented substantial probative evidence showing that there is a genuine issue whether Brookwood retaliated against him for taking FMLA-protected medical leave. The judgment is

AFFIRMED.